CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
May 07, 2025
LAURA A. AUSTIN, CLERK
BY s/ S. MELVIN
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| **360 PAINTING, LLC** | ) |
| *Plaintiff,* | ) ) ) Civil Case No. 3:25-cv-32 |
| v. | ) ) |
| **ANDREY CHSHELOKOVSKIY,** | ) ) |
| Serve: Andrey Chshelokovskiy<br>11816 Inwood Rd. #1326<br>Dallas, Texas, USA 75244 | ) ) ) ) |
| **NOMAD CONTRACTORS LLC**<br>**d/b/a NOMAD COATINGS** | ) ) ) |
| Serve: Kristina Chshelokovskiy<br>3261 Birch Ave<br>Grapevine, TX 76051 | ) ) ) ) |
| *Defendants.* | ) ) |

## COMPLAINT

Plaintiff 360 Painting, LLC ("*360 Painting*") by and through its attorneys, brings this Complaint against Defendant Andrey Chshelokovskiy ("*Chselokovskiy*") and Nomad Contractors, LLC d/b/a as Nomad Coatings ("Nomad" and, collectively with Chshelokovskiy, the "Defendants"). In support thereof, 360 Painting states as follows:

### INTRODUCTION

1. This suit stems from Chshelokovskiy's multiple and continuing breaches of the Franchise Agreement executed by 360 Painting and Chshelokovskiy on or about December 7, 2021 (the "*Franchise Agreement*"), including without limitation Chshelokovskiy's breach of covenants

1

not to compete and his misappropriation of 360 Painting's confidential and proprietary information and trade secrets.[1]

2. Chshelokovskiy has, on information and belief, utilized the confidential, proprietary, and/or trade secret information he received from 360 Painting in order to establish Nomad and Nomad has benefited from this information in establishing and growing its business.

3. The Franchise Agreement governs the business relationship between Chshelokovskiy and 360 Painting for a term of ten (10) years, beginning on December 7, 2021, and ending on December 6, 2031. Pursuant to the Franchise Agreement, 360 Painting licensed its business system for painting projects, including the provision of various associated services and intellectual and intangible property, to Chshelokovskiy in exchange for the payment of royalties and other services fees, Chshelokovskiy's covenant not to compete with 360 Painting or its other franchisees for a period of time, and Chshelokovskiy's commitment to maintain the confidentiality of confidential, proprietary and/or trade secret information received from 360 Painting, among other binding obligations.

4. After Chshelokovskiy received the benefit of the 360 Painting business system and its proprietary information and trade secrets, Chshelokovskiy launched a competing painting business, Nomad Contractors, LLC d/b/a Nomad Coatings,[2] where he has, on information and belief, misappropriated and commercialized 360 Painting's confidential and/or trade secret information as expressly prohibited by the Franchise Agreement.

5. 360 Painting seeks redress for its damages resulting from Chshelokovskiy's breach of the Franchise Agreement, as well damages arising from Chshelokovskiy's misappropriation of

---

[1] A true and accurate copy of the Franchise Agreement is attached as Exhibit A.
[2] Nomad Contractors, LLC was formed in the State of Texas on September 7, 2018. The trade name "Nomad Coatings" was registered by Nomad Contractors, LLC on October 15, 2024.

2

360 Painting's confidential, proprietary and trade-secret information and the benefit conferred to Nomad as a result of that misappropriation.

## PARTIES

6. Plaintiff 360 Painting, LLC is a Delaware limited liability company authorized to transact business in the Commonwealth of Virginia with its principal place of business in Charlottesville, Virginia. 360 Painting franchises its established business system for interior and exterior residential painting services, to include equipment, tools, materials, methods, procedures, quality standards, client lists, leads, and service marks to its national network of franchisees.

7. Defendant Andrey Chshelokovskiy is, on information and belief, a Texas resident and citizen and may be served with process at 11816 Inwood Rd No. 1326, Dallas, Texas 75244. Defendant previously entered into a Franchise Agreement with 360 Painting to license its painting business system.

8. Defendant Nomad Contractors, LLC d/b/a Nomad Coatings ("Nomad") is a Texas limited liability company with its principal place of business in Austin, Texas. Nomad was formed on September 7, 2018, and registered the trade name "Nomad Coatings" on October 15, 2024. On information and belief, Andrey Chshelokovskiy is the owner and operator of Nomad and has held that position at all times relevant to the facts alleged in this Complaint.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the subject and parties pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interests and costs, and there is complete diversity of citizenship between the Plaintiff and Defendants.

10. This Court has supplemental jurisdiction over 360 Painting's state law claims under 28 U.S.C. § 1367(a) because those claims are so related to the claims in this action over which the Court has original jurisdiction that the claims are part of the same case or controversy.

11. Venue is proper in this Court, and the Court has personal jurisdiction over Chshelokovskiy because he consented to this Court's jurisdiction and venue in this Court. Section 27.2 of Chshelokovskiy's Franchise Agreement states:

> "**Consent to Jurisdiction and Venue for Disputes.** Any action brought by either party shall be brought in the appropriate state or federal court located in or serving county and state in which Franchisor maintains its principal place of business at the time any dispute resolution proceeding is commenced by either party (currently the City of Charlottesville, VA). The parties waive all questions of personal jurisdiction or venue for the purposes of carrying out this provision. The parties hereby submit to service of process by registered and return receipt requested, or by any other manner provided by law. This exclusive choice of jurisdiction and venue provision shall not restrict the ability of the parties to confirm or enforce judgments in any appropriate jurisdiction. This Agreement was executed and accepted at Franchisor's current place of business in the City of Charlottesville, VA. The parties anticipate that the performance of certain of Franchisee's obligations arising under this Agreement, including the payment of certain monies due Franchisor, will initially occur in the City of Charlottesville, VA."[3]

## FACTUAL BACKGROUND

12. 360 Painting operates a nationwide franchising network for licensing its established business system for residential interior and exterior painting services, including equipment, tools, materials, methods, procedures, quality standards, client lists, leads, and service marks to individuals and entities interested in purchasing the business system to streamline the growth of a painting business under the nationally prominent 360 Painting brand.

13. On or about December 7, 2021, Chshelokovskiy and 360 Painting entered into the Franchise Agreement attached as Exhibit A. Like hundreds of other franchisees of 360 Painting,

---

[3] Exhibit A § 27.2 (emphasis added).

4

Chshelokovskiy's rights and obligations under the franchise relationship were set forth in detail by the Franchise Agreement.

14. Chshelokovskiy signed the Franchise Agreement and its exhibits in his individual capacity and 360 Painting's authorized representative signed for the franchise company.[4] Chshelokovskiy individually guaranteed "that Franchisee shall punctually pay and perform each and every undertaking, condition, and covenant set forth in the Franchise Agreement."[5]

15. Upon signing the Franchise Agreement, Chshelokovskiy established his 360 Painting franchise in the North Dallas area, within the zip code territory designated by the Franchise Agreement. Chshelokovskiy opened his 360 Painting franchise in early 2022 and operated the franchise for a little over three (3) years.

16. In early 2025, 360 Painting discovered that Chshelokovskiy was associated with a company called Nomad Coatings, which was a business offering both commercial and residential painting and finishing services.[6] 360 Painting came into possession of Chshelokovskiy's social media pictures and posts depicting Chshelokovskiy wearing Nomad-branded clothing.[7] These social media photos were primarily posted by Chshelokovskiy, and regularly appeared on Nomad's website.[8]

17. Nomad is a direct competitor that operates in the same industry as 360 Painting and competes with 360 Painting for the same customers in the Dallas metro area.

18. Chshelokovskiy's Franchise Agreement contains various covenants not to compete which apply during the term of the Agreement and for two (2) years after its termination:

---

[4] *See* Exhibit A, pp. 46, 51, 52, 55, 58, 59, 62, 63, 65, and 66.
[5] *Id.* at p. 60
[6] *See* Exhibit B, Community Associations Institute Directory Snapshot.
[7] *See* Exhibit C, N. Slavik Facebook post.
[8] Exhibit D, Andrey Facebook post to 360 Painting Group and Nomad website w/ same picture.

**18.1. Covenants Not to Compete.**

(i)    *Non-Competition during Term.* In addition to and not in limitation of any other restrictions on Franchisee contained herein, Franchisee and Franchisee's spouse, and, if Franchisee is not an individual, its shareholders, members, partners and managers, as applicable, and their spouses (each, a "Bound Party"), agree that they will not, during the term of this Agreement, directly or indirectly, for and on behalf of itself, himself, herself or any other person or entity, during the term of this Agreement, (a) have any direct or indirect interest as a disclosed or beneficial owner in a Competitive Business (as defined below) or (b) perform services as a director, officer, manager, employee, consultant, representative, agent, or otherwise for a Competitive Business which is located (i) within the Protected Territory, or (ii) within a radius of twenty (20) miles as the crow flies of the Protected Territory, or (iv) within a radius of twenty (20) miles as the crow flies of any other 360 Painting Business or 360 Painting Business in development that has been assigned a protected; or (v) within the United States of America; or (vi) within the world.

(ii)    *Post-Term Non-Competition.* In addition to and not in limitation of any other restrictions on Franchisee contained herein, Franchisee and the Bound Parties agree that they will not, for two (2) years following the effective date of termination or expiration of this Agreement for any reason, or following the date of a Transfer by Franchisee, directly or indirectly, for and on behalf of itself, himself, herself or any other person or entity, (a) have any direct or indirect interest as a disclosed or beneficial owner in a Competitive Business or (b) perform services as a director, officer, manager, employee, consultant, representative, agent, or otherwise for a Competitive Business which is (i) located or operating within the Protected Territory; or (ii) within a radius of twenty (20) miles as the crow flies of the Protected Territory or (iii) located in or operating within twenty (20) miles of the primary office of any other existing 360 Painting Business or 360 Painting Business in development that has been assigned a protected territory.[9]

19.    The covenants to which Chshelokovskiy agreed restricted his ability to hold a beneficial interest in a "Competitive Business" or to perform any work for a "Competitive Business" located within twenty (20) miles of either Chshelokovskiy's franchise or any other 360 Painting business (or business in development) with a protected territory.[10] During the term of the Franchise Agreement, Chshelokovskiy also agreed not to perform work for a "Competitive Business" anywhere in the world.[11]

---

[9] Exhibit A §18.1.
[10] *Id.*
[11] *Id.*

6

20.  According to the Franchise Agreement, a "Competitive Business" is "any business which offers or sells painting, decorating and wall finishing services."[12] In short, by signing the Franchise Agreement and receiving all the benefits of the 360 Painting business system, Chshelokovskiy agreed not to work for companies (owned by him or anyone else) that offer services similar to, or the same as, the services offered by 360 Painting franchises.

21.  Nomad is a "Competitive Business" under the definition used in the Franchise Agreement. Nomad markets itself as "delivering customized painting solutions that meet the unique requirements of every project"[13] and uses media on its website from past painting projects to attract potential painting customers. Nomad's public-facing website makes clear that Nomad is engaged in the same business as 360 Painting, which is the provision of painting, decorating, and wall finishing services to commercial and residential consumers.

22.  Chshelokovskiy has performed work for and on behalf of Nomad. Chshelokovskiy is sufficiently enmeshed in Nomad's operations to be listed as the primary contact for Nomad in a professional services directory used to advertise Nomad's painting services to the public on Nomad's website.[14] On information and belief, Chshelokovskiy possesses an ownership or membership interest in Nomad which would constitute a separate and independent breach of §18.1(i)(a) of the Franchise Agreement.

23.  The Franchise Agreement also restricts Chshelokovskiy's ability to solicit customers and vendors of his 360 Painting franchise during and after the agreement term:

> …for two (2) years after expiration or termination of this Agreement for any reason…[the Franchisee] will not directly solicit or otherwise materially interfere with or disrupt the customer or vendor relationship between [360 Painting] and any

---

[12] Exhibit A §18.1(iii).
[13] Exhibit E, Screen Capture of Nomad Coating's home page]
[14] Exhibit B, *supra*.

7

of their respective customers and vendors or between any other 360 Painting franchisee and its customers and vendors."[15]

24. On information and belief, Chshelokovskiy has, either directly or through Nomad, solicited 360 Painting's customers and potential customers. Chshelokovskiy's breach of the non-solicitation terms of his Franchise Agreement is particularly harmful to 360 Painting because, as the Franchise Agreement explains, the franchisee's experience with the franchise business system will result in his "knowledge of Franchisor's business and operating methods and confidential information, disclosure and use of which would prejudice the interest of Franchisor and its franchisees."[16] By executing the Franchise Agreement and becoming a franchisee, Chshelokovskiy gained access to 360 Painting's confidential, proprietary, and trade-secret information, including, without limitation, its pricing strategy, distribution network, marketing strategy and customer list(s) and marketing channels, as well as equipment, tools, materials, methods, procedures, quality standards, and service marks provided by 360 Painting to its national network of franchisees.

25. 360 Painting can only distribute its proprietary, confidential, and trade secret information under contract terms which preserve its competitive value in the residential services market. In exchange for access to 360 Painting's highly confidential, proprietary, and trade secret information Chshelokovskiy believed would benefit his nascent painting business, Chshelokovskiy agreed to preserve 360 Painting's confidential and trade secret information and to not "directly or indirectly, disclose or publish to any party or copy or us for such party's own benefit, or for the benefit of any other party, any of Franchisor's proprietary or confidential information."[17]

---

[15] Exhibit A §18.2
[16] Exhibit A §18.1(iv).
[17] Exhibit A § 18.3. (Defendant's obligations under the Confidentiality provisions of the Agreement last throughout the term of the Agreement and for five (5) years thereafter for confidential information and, for trade secret information, until such time as that information is no longer a "trade secret").

26. On information and belief, Chshelokovskiy has materially breached Section 18.3 of the Franchise Agreement by using 360 Painting's confidential, proprietary, and trade secret information to benefit himself and a Competitive Business—Nomad—as it seeks to expand its market share within the Protected Territory promised to Chshelokovskiy by 360 Painting.

27. Chshelokovskiy's employment and association with Nomad is a material breach of the Franchise Agreement. Similarly, Chshelokovskiy's use of 360 Painting's confidential, proprietary, and trade secret information to refine the Nomad business and expand its competitive reach against 360 Painting is an independent material breach of the Franchise Agreement. 360 Painting is entitled to an injunction against Chshelokovskiy for this type of material breach per the Franchise Agreement.[18] Under the plain terms of the Franchise Agreement, 360 Painting is entitled to an injunction prohibiting Chshelokovskiy and Nomad from engaging in unfair competition against 360 Painting.

28. Upon discovery of Chshelokovskiy's breaches, 360 Painting contacted Chshelokovskiy and terminated the Franchise Agreement effective March 26, 2025.[19]

29. Under the Franchise Agreement, Chshelokovskiy owed 360 Painting contractual minimum payments of $150.00 per week in royalties and $375.00 per week in services fees. Absent Chshelokovskiy's material breaches, the Franchise Agreement's initial ten-year term would have run from December 7, 2021, through December 6, 2031, a period of 3,652 days. 360 Painting terminated the Franchise Agreement on March 26, 2025, which was 2,447 days, or 349.57 weeks, prior to the initial term expiration. The minimum fees due to 360 Painting under the Franchise Agreement are thus $150.00 per week * 349.57 weeks = $52,435.50 in royalties and $375.00 per week * 349.57 weeks = $131,088.75 for service/technology fees. The total damages arising from

---

[18] Exhibit A §18.3.
[19] Correspondence sent by 360 Painting's General Counsel is attached as Exhibit F.

the Chshelokovskiy's failure to pay contractually due minimum royalties, technology fees, and contact center fees is thus $54,435.50 + $131,088.75 = $185,524.25.

30. 360 Painting also seeks relief for Chshelokovskiy's breach of the non-compete covenants of the Franchise Agreement and the unauthorized conversion and/or disclosure of the confidential, proprietary, and trade secret information provided to Chshelokovskiy as part of the 360 Painting business system. In addition to special damages, 360 Painting requests that this Court issue an injunction against Chshelokovskiy barring him from further employment and/or association with Nomad, as well as ordering the disgorgement of any ownership or membership interest in Nomad by Chshelokovskiy and repayment of any profits or remuneration he received as consideration for work performed for Nomad in violation of the Franchise Agreement.

## COUNT I
## BREACH OF THE FRANCHISE AGREEMENT
(against Chshelokovskiy)

31. All previous paragraphs are re-alleged and incorporated herein by reference.

32. 360 Painting and Chshelokovskiy entered into a legally binding franchise agreement. 360 Painting has performed all its obligations and provided all services and performance required of it under the Franchise Agreement and Chshelokovskiy accepted 360 Painting's performance without objection prior to his breach.

33. Chshelokovskiy has breached the Franchise Agreement by failing to adhere to his obligations under at least Sections 18.1(i), 18.1(ii), 18.2, and 18.3. Specifically, Chshelokovskiy violated his covenant not to engage in a Competing Business both during the term of the Franchise Agreement and for two (2) years thereafter. Chshelokovskiy has also failed to preserve the confidentiality of 360 Painting's confidential, proprietary, and trade secret information in accordance with the Franchise Agreement's terms.

34. Under § 19.2(xvii) of the Franchise Agreement, a breach of any of the obligations in § 18 permits the 360 Painting to immediately terminate the Franchise Agreement, without any obligation to offer Chshelokovskiy a period to attempt to cure his material breaches.

35. 360 Painting has suffered special damages from Chshelokovskiy's material breaches of the Franchise Agreement in an amount no less than $185,524.25. Further, 360 Painting is entitled to an injunction enjoining Chshelokovskiy from further employment and/or association with Nomad, or any Competing Business, for the duration of the term of Chshelokovskiy's covenant not to compete in § 18 of the Franchise Agreement.

36. 360 Painting is also entitled to disgorgement of any and all compensation received by Chshelokovskiy from Nomad as a result of Chshelokovskiy's work to breach his confidentiality obligations and disclose without authorization 360 Painting's confidential, proprietary, and trade secret information in expanding and enriching Nomad. 360 Painting is also entitled to the issuance of an injunction restricting Chshelokovskiy's use of the confidential and trade secret information, as well as an Order mandating Chshelokovskiy's destruction of 360 Painting's confidential and/or trade secret information that remains in Chshelokovskiy's possession.

**COUNT II**
**MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE VIRGINIA UNIFORM TRADE SECRETS ACT (Va. Code §59.1-336 *et seq.*)**
(against Chshelokovskiy, Nomad Contractors, LLC)

37. All previous paragraphs are re-alleged and incorporated herein by reference.

38. Va. Code § 59.1-336 defines a trade secret as "information, including but not limited to, a formula, pattern, compilation, program, device, method, technique, or process that: (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic

11

value from it disclosure or use, and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."[20]

39.     360 Painting owns trade secrets as defined in Va. Code §59.1.-336. The painting business system and associated materials, equipment, and strategy developed by 360 Painting constitute trade secrets because they are not generally known or readily ascertainable by proper means by other persons who can obtain economic value from their disclosure or use.

40.     360 Painting took reasonable measures to maintain the secrecy of such information and licenses these trade secrets to its franchisees on the condition that they too agree to keep the trade secrets confidential.

41.     360 Painting only releases these trade secrets to franchisees once the franchisees have signed a franchise agreement such as Exhibit A, which provide explicit rules and regulations surrounding the use of those trade secrets. As noted above, among the covenants to which franchisees agree is a covenant to maintain the confidentiality of 360 Painting's trade secrets in a manner consistent with 360 Painting's own efforts to maintain the confidentiality of those trade secrets.

42.     Under the Franchise Agreement, 360 Painting provided Chshelokovskiy access to certain confidential, proprietary, and trade secret information in exchange for Chshelokovskiy's agreement to maintain the confidentiality of 360 Painting's trade secrets and confidential information. Specifically, Chshelokovskiy agreed not to disclose or utilize 360 Painting's confidential and trade secret information for purposes other than the operation of a 360 Painting franchise subject to the Franchise Agreement. At the time Chshelokovskiy breached the confidentiality and disclosed 360 Painting's trade secrets, Chshelokovskiy knew of his contractual

---

[20] Va. Code §59.1-336.

duty to maintain its confidentiality and his agreement to refrain from unauthorized uses, which include any other purpose than for operating his licensed 360 Painting franchise subject to the Franchise Agreement.

43. On information and belief, Defendants have misappropriated 360 Painting's confidential and trade secret information and used it to improve and expand a Nomad, a competing business offering painting services in the same market as 360 Painting. Chshelokovskiy misappropriated information which includes, but is not limited to, customer lists, pricing and marketing strategies, and job estimating techniques & formulas.

44. Defendants' misappropriation of 360 Painting's confidential information and trade secrets was willful and malicious.

45. As a direct and proximate result of Defendants misappropriation, 360 Painting has suffered damages and is entitled to disgorgement of all Chshelokovskiy's profits derived from the trade secret misappropriation. 360 Painting is further entitled to a disgorgement of all of Nomad's profits derived from the trade secret misappropriation. Because Defendants' misappropriation was willful and malicious, 360 Painting seeks punitive damages under Va. Code §59.1-338 in an amount not to exceed $350,000.

46. Further, 360 Painting is entitled to an injunction preventing Chshelokovskiy from further use or disclosure of 360 Paintings' confidential and trade secret information and an Order from this Court directing Chshelokovskiy to destroy any confidential and trade secret information owned by 360 Painting which remains in Chshelokovskiy's possession.

47. 360 Painting is also entitled to an injunction preventing Nomad from further use of the 360 Painting's confidentia and trade secret information as well as an Order directing Nomad

to destroy any of 360 Painting's confidential and trade secret information currently in Nomad's possession.

## COUNT III
## CONVERSION

(against Chshelokovskiy and Nomad)

48.     All previous paragraphs are re-alleged and incorporated herein by reference.

49.     Under the Franchise Agreement, 360 Painting agreed to provide Chshelokovskiy with certain of its confidential information, including, without limitation, its customer relationship management system, lead-tracking software, customer leads, pricing strategy, bidding software, and marketing strategies.

50.     Chshelokovskiy was aware of the confidential nature of the information 360 Painting provided him and agreed to maintain the confidentiality of that information and refrain from using it for purposes beyond those defined in the Franchise Agreement, i.e. for purposes other than growing Chshelokovskiy's 360 Painting franchise.

51.     Chshelokovskiy knew that 360 Painting provided him the confidential information subject to these contractual obligations and that, at all times, the confidential information remained "the sole and exclusive property of [360 Painting]."[21]

52.     Rather than abide by his obligations under the Franchise Agreement, Chshelokovskiy used the confidential information for purposes that violate the express language of the Franchise Agreement, namely by enriching himself and a competing painting business, Nomad, through unfair competition.

---

[21] Exhibit A §18.3.

53. On information and belief, Nomad knew that the confidential information provided by Chshelokovskiy was the property of 360 Painting and yet still used this confidential information it received from Chshelokovskiy to establish and grow its business.

54. Defendants' use of the confidential information was unjust and was the direct and proximate cause of damages suffered by 360 Painting.

55. Accordingly, 360 Painting is entitled to an injunction enjoining Defendants from continued use of 360 Painting's confidential information, and an Order requiring Defendants to destroy any confidential information owned by 360 Painting which remains in Defendants' possession.

56. Furthermore, 360 Painting is entitled to a disgorgement of all profits obtained by Defendants through their use of 360 Painting's confidential information in a competing business. 360 Painting is also entitled to an injunction barring Defendants from further use of 360 Painting's confidential, proprietary and/or trade secret information.

**COUNT IV (in the alternative)**
**UNJUST ENRICHMENT**
(against Chshelokovskiy)

57. All previous paragraphs are re-alleged and incorporated by reference herein.

58. In the event that the Franchise Agreement is found to be invalid, void, voidable, modified, or if 360 Painting is otherwise precluded or limited from recovering under Count I, *supra*, 360 Painting alleges in the alternative that Chshelokovskiy would be unjustly enriched if he were allowed to benefit from the services and property conveyed under the Franchise Agreement without paying for the same.

59. 360 Painting conferred a benefit on Chshelokovskiy by providing access to its painting business system, to include its equipment, tools, materials, methods, procedures, quality

standards, and service marks, which were provided for Chshelokovskiy's use pursuant to the restrictions in the Franchise Agreement between December 7, 2021, and March 26, 2025. 360 Painting exchanged access to these services and property for cash consideration from Chshelokovskiy that was tied to revenues generated by his 360 Painting franchise which used the same confidential information. Chshelokovskiy knew that 360 Painting provided these services and the property, the nature and scope of the services and property, and the value of the services and property at the time 360 Painting provided them to Chshelokovskiy. The services and property included without limitation a customer relationship management system, lead-tracking software, advertising campaigns, and bidding software.

60. If the Franchise Agreement is found to be invalid, void, voidable, or modified, Chshelokovskiy would be unjustly enriched by retaining the value of the training, services, and support provided by 360 Painting, which were provided on Chshelokovskiy's promise to use them solely for establishing his 360 Painting franchise and to pay royalty fees and services fees. Instead, Chshelokovskiy used these to establish and grow Nomad, 360 Painting's direct competitor, and has thus been unjustly enriched as a result.

61. 360 Painting has thereby been damaged in an amount not less than $185,524.25 based on foregone royalties and service fees.

## REQUEST FOR INJUNCTIVE RELIEF

62. All previous paragraphs are hereby re-alleged and incorporated herein for reference.

63. By virtue of these allegations, 360 Painting has demonstrated a likelihood of success on the merits and that a balancing of the equities favors the issuance of an injunction against Chshelokovskiy.

64. Unless Chshelokovskiy is immediately enjoined from engaging in additional misconduct, 360 Painting will be irreparably harmed in the home services franchise marketplace by the continued dissemination and devaluation of its confidential and/or trade-secret information, which will have immediate and lasting impact on 360 Painting's business, reputation, goodwill, including damages felt by 360 Painting's franchisees.

65. Chshelokovskiy's continued misconduct would result in a substantial loss, the amount of which is not ascertainable at present, and future economic loss which is presently incalculable.

66. 360 Painting has no adequate remedy at law for Chshelokovskiy's misconduct, and Chshelokovskiy has contractually agreed in the Franchise Agreement that 360 Painting is entitled to an injunction without bond to restrain Chshelokovskiy from any actual or threatened breach.[22]

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

1. Award compensatory damages of not less than $185,524.25, prejudgment interest due under Virginia Code § 8.01-382, and the costs of suit incurred herein, including reasonable attorneys' fees as permitted under the Franchise Agreement;

2. Enjoin Defendants from further unfair competition and enforce the terms of the Franchise Agreement's non-compete provisions;

3. Enjoin Defendants from further misappropriation of 360 Painting's confidential and/or trade-secret information;

4. Enter an Order requiring Chshelokovskiy to disgorge any compensation, profits, or other remuneration he received from Nomad for work done in violation of the non-compete

---

[22] Exhibit A § 18.3.

covenants or using 360 Painting's confidential and trade-secret information in furtherance of Nomad's business;

     5.     Such other and further relief as the Court may deem to be just and proper.

Dated: May 7, 2025                                             Respectfully Submitted,

                                                        **360 Painting, LLC**

                                        By:  */s/ Evan D. Mayo*
                                             Evan D. Mayo (VSB No. 89383)
                                             Daniel R.O. Long (VSB No. 95873)
                                             Mayo Law Group PLLC
                                             425 Locust Avenue, Suite 201
                                             Charlottesville, Virginia 22902
                                             Telephone:    434.951.2222
                                             Facsimile:     434.951.0666
                                             evan@mayolawgroup.com
                                             daniel@mayolawgroup.com

                                             *Counsel for 360 Painting, LLC*