CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
November 19, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| 360 PAINTING, LLC, <br>     Plaintiff, <br> v. <br><br> ANDREY CHSHELOKOVSKIY, <br>     Defendant & <br>     Counterclaim Plaintiff, <br><br> NOMAD CONTRACTORS LLC, <br>     Defendant. | Civil Action No. 3:25-cv-00032 |
| 360 PAINTING, LLC, <br>     Plaintiff, <br> v. <br><br> JAMES GILLIAM, BRIDGEJAM LLC <br> & NOMAD CONTRACTORS LLC, <br>     Defendants. | Civil Action No. 3:25-cv-00033 |

MEMORANDUM OPINION & ORDER

This matter is before the Court on Defendants' Joint Motions to Consolidate.[1] Defendants Andrey Chshelokovskiy, James Gilliam, BridgeJam LLC, and Nomad Contractors LLC, seek to consolidate the two above-captioned cases for all purposes. Plaintiff 360 Painting, LLC, opposes consolidation. For the reasons explained below, the Court **GRANTS IN PART** and **DENIES IN PART** without prejudice Defendants' Joint Motions to Consolidate. ECF No. 25, *Chshelokovskiy*; ECF No. 24, *Gilliam*. The cases will be consolidated for all pretrial purposes. However, the Court denies without prejudice Defendants' request that the cases also be consolidated for trial.

---

[1] ECF No. 25, *360 Painting, LLC v. Chshelokovskiy*, No. 3:25-cv-00032 (W.D. Va. July 24, 2025) ("*Chshelokovskiy*"); ECF No. 24, *360 Painting, LLC v. Gilliam*, No. 3:25-cv-00033 (W.D. Va. July 24, 2025) ("*Gilliam*").

1

I. Factual & Procedural Background

360 Painting is a residential painting franchisor with its principal place of business in Virginia. Compl. ¶ 6, *Chshelokovskiy*, ECF No. 1; Compl. ¶ 7, *Gilliam*, ECF No. 1. James Gilliam is a Texas citizen who entered into a ten-year franchise agreement with 360 Painting on November 16, 2021. Compl. ¶¶ 1–2, 8, *Gilliam*; Answer ¶¶ 1–2, 8, *Gilliam*, ECF No. 15. Gilliam assigned his franchise agreement to his company, BridgeJam LLC. Compl. ¶ 3, *Gilliam*; Answer ¶ 3, *Gilliam*.[2] Andrey Chshelokovskiy is a Texas citizen who entered into a ten-year franchise agreement with 360 Painting on December 7, 2021. Compl. ¶¶ 1, 7, *Chshelokovskiy*; Answer ¶¶ 1, 7, *Chshelokovskiy*, ECF No. 14.

On May 7, 2025, 360 Painting filed separate actions against Chshelokovskiy and Gilliam in the Western District of Virginia and named Nomad Contractors as a defendant in both actions. Compl., *Chshelokovskiy*; Compl., *Gilliam*. 360 Painting alleges that Chshelokovskiy "launched a competing painting business," Nomad Contractors, in violation of his franchise agreement's non-compete provision. Compl. ¶ 4, *Chshelokovskiy*; *see id.* ¶¶ 16–22. Similarly, 360 Painting alleges that Gilliam "fund[ed] and capitalize[d] a competing venture," Nomad Contractors, "that he intended to operate" in violation of his franchise agreement's non-compete provision. Compl. ¶ 5, *Gilliam*; *see id.* ¶¶ 23–31. 360 Painting further alleges that Chshelokovskiy and Gilliam took customers and "confidential, proprietary, trade secret information" from 360 Painting to Nomad Contractors in violation of their respective franchise agreements' solicitation and confidentiality provisions. Compl. ¶¶ 4, 23–26, *Chshelokovskiy*; Compl. ¶¶ 5, 32–36, *Gilliam*.

---

[2] 360 Painting's complaint and the attached Assignment Agreement indicate that Gilliam maintained exclusive control of BridgeJam during the relevant period. Compl. ¶ 3, *Gilliam*; Compl. Ex. B, *Gilliam*, ECF No. 1-2. Accordingly, the Court refers to Gilliam and BridgeJam collectively as "Gilliam" for purposes of this memorandum opinion and order.

2

Based on these allegations, 360 Painting asserts breach of contract, misappropriation of trade secrets, conversion, and unjust enrichment claims in both cases. Compl. ¶¶ 41–68, 77–81, *Chshelokovskiy*; Compl. ¶¶ 31–61, *Gilliam*. 360 Painting also asserts a fraudulent inducement claim solely against Gilliam, alleging that Gilliam misrepresented his revenue to persuade 360 Painting to waive its franchise fees and release him from his franchise agreement. Compl. ¶¶ 69–76, *Gilliam*. In both cases, 360 Painting seeks compensatory damages,[3] punitive damages for willful and malicious misappropriation of trade secrets,[4] attorney's fees, injunctions against the alleged competitive activity and misappropriation of trade secrets, and disgorgement of profits. Compl. 16–19, *Chshelokovskiy*; Compl. 22–24, *Gilliam*. In its case against Gilliam, 360 Painting also seeks franchise fees that it alleges Gilliam would have had to pay absent his alleged misrepresentation of revenue, punitive damages for willful and malicious false statements, and an order rescinding the fee waiver and release agreements between 360 Painting and Gilliam. Compl. 23–24, *Gilliam*.

On June 15, 2025, Chshelokovskiy and Gilliam, who are represented by the same counsel, filed answers. Answer, *Chshelokovskiy*; Answer, *Gilliam*. Both Defendants admit entering into their respective franchise agreements, but they deny all liability. Answer, *Chshelokovskiy*; Answer, *Gilliam*. They assert largely identical affirmative defenses, including that 360 Painting fraudulently induced them into entering their respective franchise agreements, that the relevant provisions in the agreements are unenforceable, that 360 Painting failed to

---

[3] 360 Painting seeks compensatory damages of $185,254.25 from Chshelokovskiy and $189,000.00 from Gilliam. Compl. 17, *Chshelokovskiy*; Compl. 23, *Gilliam*.

[4] 360 Painting seeks punitive damages of $350,000 for willful and malicious misappropriation of trade secrets in both cases. Compl. 13, *Chshelokovskiy*; Compl. 23, *Gilliam*. The Court notes that 360 Painting's complaint against Chshelokovskiy omits the request from the Prayer for Relief and only includes the request under the count of misappropriation of trade secrets. *See* Compl. 13, *Chshelokovskiy*.

perform its obligations under the agreements, and that 360 Painting acted in bad faith. *Compare* Answer 14–18, *Gilliam*; *with* Answer 9–13, *Chshelokovskiy*. Gilliam asserts several additional affirmative defenses related to 360 Painting's claim of fraudulent inducement against him. *See* Answer 14–18, *Gilliam*.

Chshelokovskiy also asserts counterclaims against 360 Painting. He initially asserted counterclaims of actual fraud, fraudulent inducement, constructive fraud, negligence per se, equitable recission, breach of contract, and unlawful cancellation of a franchise in violation of Virginia Code § 13.1-564. Answer 32–37, *Chshelokovskiy*. 360 Painting moved to dismiss two of Chshelokovskiy's counterclaim counts for failure to state a claim. ECF No. 28. The Court granted the partial motion to dismiss and dismissed the two counts without prejudice. ECF No. 33. Thereafter, Chshelokovskiy filed amended counterclaims of actual fraud, constructive fraud, and breach of contract. ECF No. 34.

On July 24, 2025, the defendants in the two cases filed substantively identical Joint Motions to Consolidate. ECF No. 25, *Chshelokovskiy*; ECF No. 24, *Gilliam*. 360 Painting opposes consolidation, and the parties have briefed the issue. ECF Nos. 26, 31–32, *Chshelokovskiy*. The motions are ripe for adjudication.

## II. Legal Framework

Rule 42 of the Federal Rules of Civil Procedure permits a court to consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). If the cases "meet the threshold requirement of involving a common question of law or fact," the consolidation decision "becomes an issue of judicial discretion." *U.S. ex rel. Sprinkle Masonry, Inc. v. THR Enters., Inc.*, No. 2:14cv251, 2014 WL 4748527, at *2 (E.D. Va. Sept. 23, 2014) (cleaned up). "Courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."

4

*Hall v. Hall*, 584 U.S. 59, 77 (2018); *see A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977). Consolidation "does not merge suits; it is a mere matter of convenience in administration, to keep them in step. They remain as independent as before." *Capps v. Newmark S. Region, LLC*, 53 F.4th 299, 302 (4th Cir. 2022) (ellipsis omitted) (quoting *Hall*, 584 U.S. at 72). Accordingly, a court "need not consolidate for trial, but may instead consolidate cases in their pretrial stage as a desirable administrative technique." *Laughlin v. Biomet Inc.*, Civ. No. 14-1645, 2020 WL 1307397, at *6 (D. Md. Mar. 18, 2020) (cleaned up); *see Rishell v. Comput. Scis. Corp.*, No. 1:13cv931, 2014 WL 11515835, at *1 (E.D. Va. Apr. 4, 2014) (noting that a court's broad discretion to consolidate under Rule 42 includes "consolidation for discovery and pre-trial purposes").

To determine whether consolidation is appropriate, a court weighs the risk of prejudice and confusion from consolidation against the risk of inconsistent adjudications of common issues; the burden on the parties, witnesses, and judicial resources imposed by multiple cases; the length of time required to conclude multiple cases relative to a single case; and the relative expense. *Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018). "Generally, judicial economy favors consolidation." *Manganaro MidAtlantic, LLC v. KBE Bldg. Corp.*, No. 3:19cv80, 2020 WL 5209535, at *2 (W.D. Va. Sept. 1, 2020) (cleaned up). However, "regardless of efficiency concerns, consolidation is not appropriate if it would deny a party a fair trial." *Campbell*, 882 F.3d at 74.

III. Analysis

These cases involve substantial common questions of law and fact. 360 Painting asserts nearly identical claims against the defendants and seeks nearly identical relief. The defendants, in turn, assert nearly identical affirmative defenses. Both the claims and defenses rest on

5

common factual allegations. 360 Painting alleges that Chshelokovskiy and Gilliam launched a competing business, common defendant Nomad Contractors, and took customers and trade secrets from 360 Painting to Nomad Contractors. Chshelokovskiy and Gilliam allege that 360 Painting solicited them as franchisees through misrepresentations and omissions, and then failed to provide the support it promised and was obligated to provide. The actions are also similar in so far as Chshelokovskiy and Gilliam entered into their respective franchise agreements less than two months apart and under substantially similar terms. Indeed, 360 Painting alleges that Chshelokovskiy and Gilliam breached identical provisions related to noncompetition, solicitation, and confidentiality. *Compare* Compl. ¶ 33, *Chshelokovskiy* ("Chshelokovskiy has breached the Franchise Agreement by failing to adhere to his obligations under at least Sections 18.1(i), 18.1(ii), 18.2, and 18.3."); *with* Compl. ¶ 44, *Gilliam* ("Gilliam has breached the Franchise Agreement by failing to adhere to his obligations under §§ 18.1(i); 18.1(ii), 18.2, and 18.3."). The two cases thus involve common legal questions, including how the relevant provisions should be interpreted, whether the provisions are enforceable, and whether any material breach of the franchise agreements occurred. The cases likewise involve common factual questions, including whether the individual Defendants competed with 360 Painting through their involvement with Nomad Contractors, whether they took customers and trade secrets from 360 Painting to Nomad Contractors, whether 360 Painting relied on misrepresentations and omissions in soliciting franchisees, and whether 360 Painting fulfilled its obligations to provide promised services to franchisees.

      Nevertheless, 360 Painting argues that consolidation should be denied "because each case involves unique questions of law and fact that do not apply to the other case." Pl.'s Br. in Opp'n 1, *Chshelokovskiy*, ECF No. 30. Specifically, 360 Painting points out that it asserts a claim of

fraudulent inducement against Gilliam only and that only Chshelokovskiy asserts counterclaims. *See id.* at 2–4. "The standard before the Court, however, is not whether or not the facts or law present in each case are identical—it is whether they are common. In addition, the Rule only requires that a common question of law *or* fact be involved." *Federico v. Lincoln Mil. Hous.*, No. 2:12cv466, 2012 WL 4754595, at *2 (E.D. Va. Oct. 3, 2012) (citing Fed. R. Civ. P. 42(a)). Here, the Court identified substantial common questions of law *and* fact raised by the claims and defenses, as well as the singular plaintiff and a common defendant to each case. Accordingly, consolidation under Rule 42 is permissible. *See Campbell*, 882 F.3d at 74, 76 (concluding that the "many common questions of law and fact" identified by the district court "provided the 'common question[s] of law or fact' required by Rule 42(a)" notwithstanding the presence of "distinct questions"); *Harris v. L & L Wings, Inc.*, 132 F.3d 978, 981 n.2 (4th Cir. 1997) (noting that cases "brought against the same defendant, relying on the same witnesses, alleging the same misconduct, and answered with the same defenses, clearly meet [the Rule 42] standard").

But "the mere fact that a common question is present, and that consolidation is permissible under Rule 42(a), does not mean that the trial court judge must order consolidation." *Futrell v. Av Leasing, LLC*, No. 4:24cv115, 2025 WL 521836, at *4 (E.D. Va. Feb. 18, 2025) (quoting 9A Wright & Miller, *Fed. Prac. & Proc.: Civ.* § 2383 (3d ed. 2008)); *Laughlin*, 2020 WL 1307397, at *6 (same). Rather, the Court must weigh the risks and benefits of consolidation to determine "whether and to what extent to consolidate [the] cases." *Hall*, 584 U.S. at 77.

\* \* \*

360 Painting maintains that the risk of prejudice and confusion from a consolidated trial outweighs any benefit to consistent adjudications of common issues, judicial economy, or convenience of the parties and witnesses. Pl.'s Br. in Opp'n 7. First, 360 Painting argues that the

7

evidence Chshelokovskiy offers in support of his counterclaims "will almost certainly unfairly prejudice 360 Painting in [its claims against] Gilliam" if the cases are tried together. *Id.* at 8. Next, 360 Painting argues that "any effort to try the Gilliam case with the Chshelokovskiy case will likely lead to confusion for the fact finder" because each case "will require the introduction of evidence at trial that is completely unrelated to the other case." *Id.* at 4, 7. Specifically, 360 Painting argues that its fraudulent inducement claim against Gilliam will require it to introduce evidence unique to Gilliam's alleged misrepresentation of revenue and that Chshelokovskiy's counterclaims will require him to introduce evidence unique to his franchisee-franchisor relationship with 360 Painting. *Id.* at 7–8.

Defendants respond by pointing out that Chshelokovskiy's counterclaims overlap with Gilliam's affirmative defenses and will implicate the same evidence, and—more generally—that the two cases rely on largely identical evidence. Defs.' Reply in Supp. 6. Specifically, both Defendants allege that they entered into their respective franchise agreements based on "the same or similar misrepresentations and omissions" by 360 Painting, that 360 Painting "breached identical obligations" under the respective agreements, and that the defendants "in both cases will be presenting evidence of the revenues of their and other 360 [Painting] franchisees." *Id.* at 3, 7. Therefore, from Defendants' perspective, consolidation would entail little risk of prejudice or confusion. *Id.* Defendants lastly argue that even if the cases do involve some distinct legal and factual issues, 360 Painting "ignores the tools that the Court has at its disposal to mitigate" the risk of prejudice and confusion. *Id.* at 6 (citing *Campbell*, 882 F.3d at 76, for the proposition that jury instructions mitigate the risk of prejudice and confusion in a consolidated trial).

The Court finds that it is too early to determine the extent of potential prejudice or confusion that a consolidated trial might entail. Certainly, the limited record before the Court

suggests that the two cases will rely on the same or similar evidence. Chshelokovskiy has offered 360 Painting marketing materials that appear to target all potential franchisees, as well as email messages sent by 360 Painting employees to all current franchisees. *See, e.g.*, Second Am. Counterclaims Ex. A, *Chshelokovskiy*, ECF No. 34-1 (brochure listing services and benefits provided to franchisees); *id.* Ex. B, *Chshelokovskiy*, ECF No. 34-2 (flyer listing initial investment required of franchisees and services provided to franchisees); *id.* Ex. C, *Chshelokovskiy*, ECF No. 34-3 (franchise disclosure statement including information about available services and expected revenue for franchisees, obligations of franchisees, and 360 Painting's financial performance); *id.* Exs. E, F, H, *Chshelokovskiy*, ECF Nos. 34-5, 6, 8 (emails addressed to "Franchise Partners" and "Franchise Owners All Brands"). But discovery may yet reveal individual communications between 360 Painting and the respective defendants or distinct conduct in each franchisor-franchisee relationship that would cause prejudice or confusion in a consolidated trial. *See Horner v. Sw. Va. Reg'l Jail Auth.*, No. 1:08cv26, 2009 WL 94549, at *2 (W.D. Va. Jan. 14, 2009) (denying motion to consolidate three cases where "the legal theories [were] virtually the same" but "the crucial evidence" supporting the legal theories was "completely different" in one of the cases). Additionally, at this early stage in the cases, the Court cannot predict the relative complexity of legal argument and factual proof that will be offered to support the distinct claim and counterclaims. *See Manganaro*, 2020 WL 5209535, at *2 (granting motion to consolidate in part because neither case was "substantially more complex" than the other).

      The Court's ability to evaluate potential confusion, along with the risk of inconsistent adjudications, is also limited by an ongoing dispute over Defendants' entitlement to trial by jury. Gilliam and Chshelokovskiy have demanded jury trials in their respective cases. Second Am.

Counterclaims 32, *Chshelokovskiy*, ECF No. 34; Jury Demand, *Gilliam*, ECF No. 16. But 360 Painting argues that "Gilliam and Chshelokovskiy waived the right to a jury trial in their franchise agreements." Pl.'s Br. in Opp'n 4 n.25. Further, 360 Painting "intends to file a motion to strike Gilliam and Chshelokovskiy's jury demand at a later date." *Id.* Confusion and inconsistent adjudications are not meaningful factors in the analysis if the cases would be resolved in bench trials before the same judge, but these factors remain pertinent if the cases would be resolved in jury trials. *See Manganaro*, 2020 WL 5209535, at *3 (explaining that "there [was] little, if any, risk of inconsistent judgments or jury confusion" where the cases were set for bench trial); *RCA Lab'y Servs. v. Sweet Bye & Bye*, No. 3:23cv551, 2024 WL 4581100, at *1 (E.D. Va. Mar. 21, 2024) ("Given that Plaintiff and each Defendant has consented to a bench trial, the issues underlying the case cannot cause juror confusion and the parties are not at risk of inconsistent adjudications.").

While the Court finds that it is too early to determine whether the cases should be consolidated for trial, it may still order consolidation for pretrial purposes if doing so is in the interest of convenience and judicial economy. *See, e.g.*, *Federico*, 2012 WL 4754595, at *3 (finding "common questions of fact and law [were] present and sufficient to consolidate the cases for the purposes of pre-trial motions [and] discovery."). Here, the Court finds that pretrial consolidation would provide significant benefits in the way of convenience and judicial economy.

Gilliam and Chshelokovskiy entered into their franchise agreement less than two months apart, so the claims and defenses in their cases will likely rely on many of the same witnesses familiar with 360 Painting and Nomad Contractors' activities during the relevant period. Likewise, the claims and defenses in the cases will likely rely on many of the same emails and

10

documents exchanged between 360 Painting and its franchisees, and between Gilliam and Chshelokovskiy, during the relevant period. *See Horner*, 2009 WL 94549, at *2 (emphasizing the link between "the time periods over which the [parties'] alleged misconduct occurred" and "the crucial evidence to be presented"). Additionally, Gilliam and Chshelokovskiy are represented by the same counsel. Pretrial consolidation will therefore relieve both defense counsel and 360 Painting's counsel from conducting duplicative depositions and seeking duplicative subpoenas. *See Chadwell v. Lee Cnty. Sch. Bd.*, No. 2:06cv11, 2006 WL 3359611, at *2 (W.D. Va. Nov. 20, 2006) (noting that consolidation "reduce[s] the litigation costs for the parties" where "the parties are represented by the same attorneys"). The cumulative cost savings for the parties could be significant considering the distance between 360 Painting's headquarters in Virginia and the individual Defendants' homes in Texas—and considering that Defendants plan to take testimony "from other 360 [Painting] franchisees in different parts of the United States." Defs.' Reply in Supp. 5. Pretrial consolidation also benefits potential witnesses by reducing the "demands on their time by limiting the need for them to provide repetitive [deposition] testimony." *Campbell*, 882 F.3d at 76. Finally, pretrial consolidation conserves scarce judicial resources by eliminating the need for duplicative conferences with the parties or duplicative resolutions of discovery disputes. In sum, pretrial consolidation reduces the burden on all involved in the litigation. *See Rishell*, 2014 WL 11515835, at *1 ("Discovery and pre-trial consolidation precludes the costs of two separate discovery processes that will likely include deposing the same witnesses, involve the same defendant, and exploring the same defenses. Judicial economy counsels consolidation here.").

Importantly, the Court finds that consolidation for pretrial purposes involves no meaningful downsides for the parties or for judicial administration. The cases were filed on the

11

same date and remain in parallel procedural postures today. Defendants have filed responsive pleadings in both cases, but the parties have yet to confer about discovery in either case as far as the Court is aware. No scheduling orders have been entered. No dispositive motions are pending. Under these circumstances, pretrial consolidation is likely to accelerate—not delay—the discovery process and the ultimate resolution of the parties' disputes. Notably, 360 Painting's opposition to Defendants' Joint Motions to Consolidate focuses solely on the risk of "an unfair trial." Pl.'s Br. in Opp'n 8. 360 Painting has not argued against pretrial consolidation. Nor have Defendants, even if they would prefer the Court to order consolidation for all purposes. In any event, Defendants will retain the right to move for a consolidated trial at a later stage, just as 360 Painting will retain the right to oppose any such motion. *See Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933) (explaining that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits . . . or change the rights of the parties"); *Hughes v. NVR, Inc.*, No. 1:21cv1018, 2023 WL 3486610, at *1, *4 (E.D. Va. May 10, 2023) (ordering separate trials after cases had been consolidated "for discovery and pretrial purposes").

## IV. Conclusion

For the foregoing reasons, Defendants' Joint Motions to Consolidate, ECF No. 25, *Chshelokovskiy*; ECF No. 24, *Gilliam*, are **GRANTED IN PART** and **DENIED IN PART** without prejudice. It is **ORDERED** that Case Nos. 3:25-cv-00032 and 3:25-cv-00033 are consolidated for all pretrial purposes. Case No. 3:25-cv-00032 will be the lead case.

ENTER: November 19, 2025

Joel C. Hoppe

U.S. Magistrate Judge